IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Andre Dukes, Sr., | ) | C/A No.: 4:12-2505-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| James E. Brown; Ray Atwood; The County of Horry; Paul Archer; J. Gregory Hembree; and George Debusk, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Michael Dukes, brings this action pursuant to 42 U.S.C. § 1983, alleging that he was falsely arrested and illegally convicted. He seeks release from incarceration and monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the complaint is subject to summary dismissal. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation. He filed an objection memorandum which appears to restate the claims contained in his original complaint without specifically addressing the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation. The court has conducted the required *de novo* review of the objections and finds them to be without merit.

As the Magistrate Judge correctly opines, the plaintiff has made no allegation that his conviction or sentence has been invalidated, thus, under *Heck v. Humphrey*, 512 U.S. 477 (1997), the plaintiff's claim for damages is not cognizable. The Magistrate Judge also notes that previously the plaintiff has unsuccessfully challenged his conviction and sentence under 28 U.S.C. § 2254 in this court (C/A No. 0:11-819-JFA-PJG).

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference.

The plaintiff's motions to amend or correct his complaint (ECF Nos. 11, 15, 23) and motion for a hearing (17) are denied.

IT IS SO ORDERED.

June 4, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge